FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2016 SEP -6  P 2: 11

KATHERINE B. ROBINSON and
DANA B. WILLIAMS,                        *

                                         CLERK'S OFFICE
Plaintiffs,                     *          AT GREENBELT

                                         BY_____  DEPUTY

v                               *        Civil Action No. GJH-16-2931

DEPT. of JUSTICE DRUG ENFORCEMENT  *
  ADMINISTRATION
VIRGINIA EMPLOYMENT COMMISSION,  *

Defendants                      *
                                ***

### MEMORANDUM OPINION

Plaintiff Katherine B. Robinson, a resident of Virginia, filed the above-captioned action on August 19, 2016, together with a motion for leave to proceed in forma pauperis. ECF 1 and 3. Because she appears to be indigent, Plaintiff Robinson's Motion to Proceed in Forma Pauperis shall be granted. Co-Plaintiff Dana B. Williams, who also resides in Virginia, did not file a civil filing fee, nor did he complete a Motion to Proceed in Forma Pauperis. For reasons apparent herein, Plaintiff Williams will not be required to correct this deficiency, and instead shall be dismissed without prejudice from this case.

Robinson states that she was an employee of the DEA for 25 years before she was terminated on June 3, 1998. ECF No. 1 at p. 10. She asserts that during her employment at the DEA, she "was sexually harassed by [her] immediate supervisor, Don Ellis ["Ellis"]," and that she reported this harassment to her "next level supervisor, Otto Lewis ["Lewis"]," and "to EEO." *Id.* at p. 6. According to Robinson, Lewis called a meeting for the three of them, where Ellis admitted that he had sexually harassed Robinson. *Id.* After filing a sexual harassment complaint, a copy of the complaint was sent to her home, and "things started happen[ing] around [her] desk

at work and [at her] home." *Id.* at p. 7. In particular, Robinson states that the lock on her locker at work was changed so that she could not access her purse and keys. *Id.* In addition, her car had a flat tire, and "[t]hings from [her] home started showing up in [her] desk draw[er]," which had been locked. *Id.*

In Robinson's view, "[t]he only way [she] could show proof that things were happening to [her] at home and work was to take pictures," so she took pictures of her office space, even though she "worked in a secure department," because, Robinson stated, "having parties and taking pictures [at her office] [was] never a problem." ECF No. 1 at pp. 7-8. Robinson was reported to Lewis for taking photographs at work, and "Lewis asked [her] to stop taking pictures." ECF No. 1 at p. 9. On June 3, 1998, Robinson was terminated from her job "pending investigation." ECF No. 1 at p. 10. Her claim for unemployment benefits was rejected. *Id.* Robinson claims that her job termination and disqualification for unemployment benefits led to her inability to maintain her Baltimore rental property, which was placed in receivership and sold at public auction on February 18, 2014. *Id.* Robinson claims the sale of the property is improper, because she had paid the mortgage in full on May 6, 2011. ECF No. 1 at p. 11. She seeks $100 million from each defendant for damages incurred due to the sale of the property. *Id.*

Under 28 U.S.C. § 1915(a)(1), an indigent litigant may commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

Robinson's instant lawsuit closely parallels an action already adjudicated in this court. On June 6, 2013, Robinson filed a Complaint in the Circuit Court for Prince George's County, Maryland against the Department of Justice ("DOJ") and the Drug Enforcement Administration ("DEA"), alleging many of the same facts alleged in the instant case and similarly challenging her termination. *See Robinson v. Dept. of Justice, et al.,* Civil Action No. RWT-13-1945 (D. Md.), ECF Nos. 1, 2. On July 3, 2013, the Defendants removed the case to this Court. ECF No. 1. Their Motion to Dismiss Robinson's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6) was granted on March 25, 2014. ECF Nos. 16 and 17. No appeal was taken.

Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established. *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005). The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991). In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of

3

whether they were asserted or determined in the prior proceeding.'" *Id.*, quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989).

Robinson's claims against the Department of Justice Drug Enforcement Administration and Virginia Employment Commission were fully and finally adjudicated. Robinson may not attempt to again contest her job termination here.

To the extent that Robinson and Williams wish to pursue a claim regarding the 2014 sale of the Baltimore City property located at 3716 Springdale Avenue, they may do so by filing a Complaint in the appropriate court, describing why the sale was improper and naming the responsible parties. The information provided in the instant Complaint is insufficient to establish federal jurisdiction over the claim, which shall be dismissed without prejudice.

A separate Order shall enter forthwith.

_____9/6/20/6_____

Date

GEORGE J. HAZEL
United States District Judge

4